UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER LOUIS ALLEN,

                Plaintiff,

-against-

CIVIL RIGHTS COORDINATOR, et al.,

                Defendants.

23-CV-10804 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action invoking the Court's federal question jurisdiction. Named as Defendants are (1) Civil Rights Coordinator; (2) Office of the General Counsel Region #2; and (3) Church St. Station Social Security Administration ("SSA"). Plaintiff's claims are not clearly stated, but the Court understands that he is bringing claims concerning Social Security benefits from the SSA. With respect to such claims, 42 U.S.C. § 405(h) mandates that the judicial review method set forth in 42 U.S.C. § 405(g) is the exclusive method for judicial review, and bars judicial review under other grants of subject matter jurisdiction. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); *Heckler v. Ringer,* 466 U.S. 602, 617 (1984). The Court therefore construes Plaintiff's complaint as seeking review of the Commissioner of Social Security's decision concerning his benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

    An action filed pursuant to Sections 405(g) or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."

§ 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

Plaintiff alleges that he resides in Brooklyn, which is in Kings County, New York. Kings County is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Plaintiff resides outside this district, venue is not proper in this court under Sections 405(g) or 1383(c)(3). Venue of this action, however, is proper in the Eastern District, *see* §§ 405(g), 1383(c)(3). The Court therefore directs the Clerk of Court to transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 11, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge